```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
CHEN CHEN,                                                   :
                                                             :
                    Plaintiff,                               :   No. 17-CV-6539 (OTW)
                                                             :
            -against-                                        :   **OPINION AND ORDER**
                                                             :
TAYLOR FRERES AMERICAS GROUP LLC, et al.,                    :
                                                             :
                    Defendants.                              :
                                                             :
                                                             :
-------------------------------------------------------------x
```

**ONA T. WANG, United States Magistrate Judge:**

Plaintiff brings this action in accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), for allegedly unpaid minimum wage and overtime premium pay. On August 1, 2018, the parties submitted their settlement agreement to this Court for approval under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (*See* ECF 41). Plaintiff's counsel subsequently submitted additional documentation in support of the fee awarded in the agreement, (ECF 42, 47, 49, 51), and the Court held a telephonic hearing on November 2, 2018. (ECF 52). All parties have consented to my exercising plenary jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF 40). For the reasons set forth below, the Court approves the agreement as fair and reasonable.

I.  **Background**

Plaintiff alleges that she worked for Defendants for six months as an intern, but that she was only paid for the first three months of her employment. Defendants deny Plaintiff's allegations. They assert that Plaintiff did not work for them past the first three months and that she was subject to the intern exemption.

Plaintiff alleges that she is owed $8,500 in unpaid wages for the three months that she worked without pay. (ECF 52 p. 3). The parties have agreed to resolve the matter for $15,000 inclusive of attorneys' fees and costs, as set forth in the settlement agreement. Plaintiff would receive $8,000 and Plaintiff's counsel would receive $7,000 representing $6,254.27 in fees and $746.73 in costs, in accordance with Plaintiff's professional services-contingency fee agreement with her counsel.

II. **Discussion**

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The United States Court of Appeals for the Second Circuit has held that, "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted). In this case, each of those factors favor approval of the settlement.

### a. Range of Recovery

First, the settlement awards Plaintiff with approximately 95% of Plaintiff's asserted unpaid wages calculation. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

### b. Burden and Expense of Trial

Second, the settlement enables the parties to avoid the burden and expense of proceeding with the litigation and presenting their credibility-dependent case to a factfinder and being subject to cross-examination at trial. The parties dispute the number of hours worked by Plaintiff and dispute whether or not Plaintiff was subject to the intern exemption. Because there are no records of Plaintiff's hours, the parties would have to rely on their own recollections and the recollections of others to prove how many hours Plaintiff worked. *See Yunda v. SAFI-G, Inc.*, 15-CV-8861, 2017 WL 1608898, at *3 (S.D.N.Y. Apr. 28, 2017).

### c. Litigation Risk

Third, the settlement will enable Plaintiff to avoid the risks of litigation. Plaintiff faces the risk of a finding that Plaintiff did not work for Defendants for six months and that she was subject to the intern exemption, potentially reducing her damages to zero. *See McMahon v. Olivier Cheng Catering and Events, LLC*, 08-CV-8713, 2010 WL 2399328, at *5 (S.D.N.Y. Mar. 3, 2010).

### d. Arm's-Length Negotiation

Fourth, the settlement is the product of arm's-length bargaining between experienced counsel. During the litigation, both counsel zealously advocated for their clients, but were able to reach a fair settlement early in the litigation.

### e. Risk of Fraud or Collusion

Fifth, there is nothing in this record to suggest that the settlement was the product of fraud or collusion.

Additional features of the settlement favor approval. The release is limited to claims based on Plaintiff's employment up to the date the agreement was signed, and is not overbroad. *See Caprile v. Harabel Inc.*, 14-CV-6386, 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015). Further, this agreement also lacks certain objectionable provisions that have doomed other proposed FLSA settlements. For instance, it contains no confidentiality provision, which would contravene the purposes of the FLSA—indeed, the document has already been publicly filed, and it does not include a restrictive non-disparagement provision. *See Martinez v. Gulluoglu LLC*, 15-CV-2727, 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016); *Lazaro-Garcia v. Sengupta Food Servs.*, 15-CV-4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

The Court also approves the attorneys' fee provision in the agreement. The Court raised with counsel a concern that the fees and costs requested in the proposed settlement agreement, which represents 46.67% of the gross settlement, was above what is routinely requested and approved in this district. However, upon review of the submissions of Plaintiff's counsel and the relevant case law on the issue, the Court has determined that the request for attorneys' fees and costs is fair and reasonable in this case. According to the retainer agreement Plaintiff had with her counsel, Plaintiff agreed to pay her counsel the greater of 35% of her recovery, the time expended by counsel, or $3,000. (ECF 51). Plaintiff's counsel submitted contemporaneous time records showing that, at the time the settlement was reached, counsel had incurred over $12,000 in fees. (*see* ECF 49-2). The Court has reviewed

these records and finds that the hourly rates charged and time expended are reasonable. Finally, even with this proposed fee, Plaintiff's award of $8,000 represents approximately $95% of Plaintiff's unpaid wage claim, representing a very favorable settlement for Plaintiff in this case. Therefore, I find the requested fee to be reasonable. *See Torres v. Gristede's Operating Corp.*, 519 F. App'x 1, 5 (2d Cir. 2013); *Millea v. Metro-North R. Co.*, 658 F.3d 154, 166-68 (2d Cir. 2011); *Zamora v. One Fifty Fifty Seven Corp.*, 14-CV-8043, 2016 WL 1366653, at *2 (S.D.N.Y. Apr. 1, 2016).

### III. Conclusion

For the foregoing reasons, the Court approves the parties' proposed settlement agreement (ECF 41) as fair and reasonable.

**IT IS HEREBY ORDERED THAT** this action is dismissed with prejudice and without costs provided, however, that the Court retains jurisdiction pursuant to the terms of the settlement agreement. Any pending motions are to be terminated as moot and all conferences are cancelled.

**SO ORDERED.**

*s/ Ona T. Wang*
Dated: November 26, 2018　　　　　　　　　　　　　　　**Ona T. Wang**
　　　New York, New York　　　　　　　　　　　　United States Magistrate Judge